IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROGER L. JOHNSON, | § | |
| | § | No. 187, 2023 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 9908000065 (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: June 22, 2023
Decided: August 17, 2023

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## **ORDER**

After consideration of the appellant's opening brief, the State's motion to affirm, and the Superior Court record, it appears to the Court that:

(1)    Roger L. Johnson appeals the Superior Court's May 8, 2023 order denying his motion for correction of illegal sentence.  The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Johnson's opening brief that his appeal is without merit.  We agree and affirm.

(2)    The record reflects that in May 2000, a Superior Court jury convicted Johnson of two counts of first-degree robbery, two counts of possession of a firearm during the commission of a felony, and one count of second-degree conspiracy.  The Superior Court deferred sentencing pending a presentence investigation.  On June

23, 2000, the State filed a motion to declare Johnson a habitual offender. On November 15, 2000, the Superior Court granted the State's motion and sentenced Johnson as a habitual offender to a minimum-mandatory term of eighty years of Level V incarceration, followed by two years of probation. We affirmed Johnson's convictions and sentence on appeal.[1] Since that time, Johnson has filed various unsuccessful motions, including three motions for postconviction relief and a motion for sentence modification.[2] Most recently, Johnson filed a motion for correction of illegal sentence under Superior Court Criminal Rule 35(a), arguing that his sentence was illegal because the State had not filed its motion to declare Johnson a habitual offender before sentencing. The Superior Court denied the motion, and we affirmed its denial on appeal.[3]

(3) In March 2023, Johnson filed another motion for correction of illegal sentence, arguing that the sentencing judge's reference at sentencing to 11 *Del. C.* § 4215(a) (which requires the court to call upon a defendant subject to enhanced sentencing to admit or deny the previous conviction or convictions that form the basis of an enhanced sentence), as opposed to 11 *Del. C.* § 4214(a) (the then-extant

---

[1] *Johnson v. State*, 2002 WL 1343761 (Del. June 18, 2002).
[2] *See Johnson v. State*, 2008 WL 1778241 (Del. Apr. 21, 2008) (affirming the denial of Johnson's first motion for postconviction relief); *Johnson v. State*, 2012 WL 252394 (Del. Jan. 25, 2012) (affirming the denial of Johnson's second motion for postconviction relief); *Johnson v. State*, 2018 WL 6822346 (Del. Dec. 27, 2018) (affirming the denial of Johnson's third motion for postconviction relief).
[3] *Johnson v. State*, 2022 WL 121315 (Del. Jan. 12, 2022).

habitual-offender statute detailing sentencing ranges for a defendant convicted of a fourth or subsequent felony), renders his habitual-offender sentence illegal. The Superior Court denied the motion, finding that the sentencing judge's intent was to sentence Johnson under Section 4214(a). This appeal followed.

(4)  We review the denial of a motion for correction of illegal sentence for abuse of discretion.[4] To the extent a claim involves a question of law, we review the claim *de novo*.[5] A sentence is illegal if it exceeds statutory limits, violates the Double Jeopardy Clause, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[6]

(5)  On appeal, Johnson argues, as he did below, that the sentencing judge sentenced Johnson under Section 4215(a) and that his sentence is internally contradictory as a result. Johnson's argument is unavailing.

(6)  The record reflects that, prior to sentencing, the State moved to have Johnson declared a habitual offender under the habitual-offender statute, specifically Section 4214(a). In response, defense counsel filed a motion to declare Section 4214(a) unconstitutional or, in the alternative, inapplicable to Johnson. The State

---

[4] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[5] *Id.*
[6] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

3

filed an opposition to the motion. It is unequivocally clear that the subject of the motion and the State's opposition was the potential minimum-mandatory sentence Johnson faced if sentenced under Section 4214(a) as requested by the State. At sentencing, the parties and the sentencing judge engaged in a lively discussion about the statutory interpretation of Section 4214(a). Following that discussion, the sentencing judge denied defense counsel's motion and noted, "I am signing the form of order that is attached to the State's motion."[7] That order declared Johnson to be a habitual offender and provided that he would be sentenced under Section 4214(a).[8] Moreover, the sentencing order correctly refers to Section 4214(a), and Johnson challenged the constitutionality of the habitual-offender statute on direct appeal. In light of the foregoing, it is clear that the sentencing judge simply misspoke by citing Section 4215(a) instead of Section 4214(a) when he declared Johnson to be a habitual offender and sentenced him.[9] Accordingly, we affirm the Superior Court's judgment that Johnson's habitual-offender sentence is not internally contradictory or otherwise illegal.

---

[7] App. to Opening Br. at A029.
[8] *Id.* at A016.
[9] Specifically, the sentencing judge misspoke when he stated, "You are declared an habitual offender pursuant to 11 Delaware Code Section 4215(a)." *Id.* at A038.

4

NOW, THEREFORE, IT IS HEREBY ORDERED that the motion to affirm be GRANTED and the judgment of the Superior Court be AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice